UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-60569-CIV-MORENO

RIX 1040, LLC, d/b/a Rix Video Emporium,

    Plaintiff,

vs.

CITY OF HALLANDALE BEACH,

    Defendant.
_____/

## ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE came before the Court upon the City of Hallandale's Motion for More Definite Statement **(D.E. No. 7)**, filed on **May 5, 2010**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for more definite statement is DENIED. Defendant shall respond to the complaint by no later than **June 30, 2010**.

Plaintiffs filed this suit against the City of Hallandale after the City denied Plaintiffs a business license to operate a retail facility, which according to Plaintiffs would sell and rent sexually explicity, but non-obscene, movies, books and magazines. The City filed a motion for more definite statement attacking two paragraphs in the Complaint, paragraphs 12 and 13. The two paragraphs challenge the City's definition of "adult bookstore" as unconstitutionally overbroad and vague (both facially and as-applied). The two paragraphs cite the relevant City Code provision and indicate that the City cited the provision in its denial of Plaintiff's request for a business license.

In *Leib v. Hillsborough County Public Transp. Comm'n,* 558 F.3d 1301, 1307 (11th Cir. 2009), the Eleventh Circuit upheld dismissal of a substantive due process claim where the Plaintiff challenged the Transportation Commission's Rules as arbitrary and capricious. The Eleventh Circuit said the "precise basis for 'arbitrary and capricious' cause of action is uncertain." The Eleventh Circuit specifically distinguished *Eide v. Sarasota County*, 908 F.2d 716 (11th Cir. 1990), where it recognized a substantive due process claim challenging a zoning ordinance. This case is more like *Eide* and less like *Leib*. The Plaintiff has pointed to a provision on which the Defendant relied in denying the permit. The Plaintiff explains the different challenges it is making in its complaint to that definition. Accordingly, the Court finds the allegations are sufficient to meet the Rule 8 pleading standard and a more definite statement is not required.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of June, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record